UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

DONNA K. PEARSON,                        )
                                         )
              Plaintiff,                 )
     vs.                                 )       2:11-cv-0190-JMS-DKL
                                         )
SOCIAL SECURITY ADMINISTRATION, et al., )
                                         )
              Defendants.                )

**Entry Dismissing Claims Against Federal Agencies**

Among the defendants in this action are the Social Security Administration and the Department of Health and Human Services. Plaintiff Donna Pearson was given a period of time in which to show cause why the claims against these particular defendants ("the federal agencies") should not be dismissed because "there is no indication that there has been a waiver of sovereign immunity as to the claims against these agencies."

Pearson has filed a response to the directions to which reference has been made.

The principle underlying the directions to which reference has been made is this: "Absent a waiver, sovereign immunity shields the federal government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *see also Lewis v. United States*, 492 F.3d 565, 572 (5th Cir. 2007)("In order to hale the federal government into a court proceeding, a plaintiff must show that there has been a valid waiver of sovereign immunity."). The court evaluates the points made by Pearson as follows:

- Pearson has the right to file a lawsuit under Section 205 of the Social Security Act. This is codified at 42 U.S.C. § 405(g). In making this assertion, Pearson is absolutely correct. Sentence four of § 405(g) grants the district court power "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." The sole proper defendant in such an action, however, is the Commissioner of the Social Security Administration ("SSA"). That official is among the defendants in this case, and that official is not one of the federal agencies. This assertion, therefore, is not

related to and does not support the viability of Pearson's claims against the federal agencies.

- Pearson next asserts that she has the right to file this lawsuit pursuant to 42 U.S.C. § 1383(c). This statute mirrors § 405(g) by permitting an action in a district court to review a decision affecting a claim of entitled to Supplement Security Income. 42 U.S.C. § 1383(c)(3)("The final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."). Again, however, the waiver of sovereign immunity only extends to the proper defendant, and this does not include the federal agencies. "Neither the Secretary of Health and Human Services nor the Attorney General are proper defendants in this case. Rather, the correct defendant in an action seeking judicial review of a final decision denying an application for Social Security benefits is the Commissioner of Social Security." *Brake v. Leavitt*, 2009 WL 6340110, *1 (S.D.Ill. 2009). The Commissioner of the SSA is one of the defendants in this case and that official is not one of the federal agencies.

- Pearson next explains that the "rules on filing civil actions" are Rules 4(c) and (i) of the *Federal Rules of Civil Procedure.* This statement is incomplete and irrelevant to the question of the possible waiver of the United States' sovereign immunity.

- Pearson states that this lawsuit "was filed in a timely manner." Without jurisdiction, however, there is no "timely" filing of a lawsuit.

- Pearson then states: "There is a waiver of sovereign immunity." This statement uses the critical term on which Pearson was to respond, but the statement begs the question. The statement is not supported by any authority or any reasoning. It is unhelpful to the inquiry.

- Pearson states that the case "should not be dismissed and is totally legal under Federal law." This statement does not focus on the federal entities, but simply refers to this "case." As with the previous statement, moreover, this statement is unsupported by legal authority. Unless there is a specific waiver of the United States' sovereign immunity, the federal entities cannot be sued. Pearson's statement otherwise is unhelpful to the inquiry.

- Pearson next adds: "This case also involves civil rights and Ricco [sic] law." Parties cannot confer jurisdiction, either singly or jointly, and what a case "involves" does not establish the existence of jurisdiction.

- Pearson informs the court in her response that her "civil cover sheet shows exactly what [she] is doing." A cover sheet cannot and does not create or affect the court's jurisdiction over the federal defendants.

- Pearson's concluding point is: "This court has total jurisdiction in this Case." This statement, as are several others, is an unsupported conclusion. An unsupported conclusion cannot reasonably serve as a material response to the court's directions.

"Jurisdiction is the power to declare law, and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte,* they must." *Wernsing v. Thompson,* 423 F.3d 732, 743 (7th Cir. 2005). That is the inquiry which the court has undertaken with respect to claims against the federal agencies. Pearson has had a meaningful opportunity to contribute to the inquiry. For the reasons explained above, however, the court lacks jurisdiction over the claims against the federal agencies. That is, the federal agencies are entitled to the sovereign immunity accorded to the United States and there is no showing that United States' sovereign immunity has been waived as to the federal agencies. "[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *University of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Neither the Social Security Act nor any other statute or principle to which Pearson refers contains a waiver of the United States' sovereign immunity permitting any of the claims asserted by Pearson to be maintained by her against the federal agencies. Accordingly, claims against the federal agencies—the Social Security Administration and the Department of Health and Human Services--are dismissed for lack of jurisdiction. This ruling does not affect claims against the Commissioner of the SSA pursuant to 42 U.S.C. § 405(g) or 42 U.S.C. § 1383(c)(3).

No partial final judgment shall issue at this time as to the claim(s) resolved in this Entry.

**IT IS SO ORDERED.**

Date: 12/07/2011

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Donna K. Pearson
23 Illinois Route 130
Greenup, IL 62428

All electronically registered counsel